

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza,
New York 10007*

August 18, 2022

BY ECF
The Honorable Katherine Polk Failla
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square,
New York, New York 10007

      Re:    United States v. Nickolas Sharp, 21 Cr. 714 (KPF)

Dear Judge Failla:

      The Government writes in response to defendant Nickolas Sharp's request to modify his bail conditions to permit him to use a work computer unmonitored by Pretrial Services in connection with new employment at Atlassian, a software company.  The Government respectfully submits that the defendant should be required to notify his new employer about the nature of the charges against him—and to provide the employer with a copy of the Indictment—before any such modification is granted.  Because the requested modification proposes to rely on Atlassian to monitor the defendant's computer activities, ensuring that Atlassian is fully informed when deciding how and to what extent to monitor those activities is necessary to help prevent the defendant from engaging in further harm to the public.

      As the Court is well aware, the requirement that Pretrial Services monitor the defendant's computer usage was imposed in light of the extremely serious nature of the offense alleged in the Indictment:  as alleged, the defendant used his position at his previous employer to access and steal gigabytes of proprietary data, extorted the company for millions of dollars to return the data and identify the backdoors, and disseminated certain confidential data onto a public forum when his ransom demands were not met.  Subsequently, the defendant committed a new crime by lying to the Federal Bureau of Investigation during a search of his residence.  Days after that search, he planted a false news story, posing as a purported whistleblower, about the scope of the attack he perpetuated; his former employer suffered an over four billion dollar drop in the market value of its shares on the day the story was published.

      The defendant's motion indicates that in his new position, he would once again have access (or "permissions") to certain company data, although he would be accessing that data in a non-coding capacity.   In support of his application to exclude his workstation from the previously-imposed monitoring condition, the defendant states that "Atlasian controls and can monitor/audit the installed/running applications, programs, and software on his work stations."  The defendant does not make clear, however, whether Atlassian would actively employ this general monitoring

capability, particularly given that the company appears to be unaware of the nature of the pending criminal charges against the defendant. Indeed, based on the Government's communications with defense counsel, it appears that the defendant did not explicitly make his new employer aware of the Indictment and the specific nature of the charges detailed therein. Accordingly, the Government respectfully submits that to the extent the Court contemplates modifying the defendant's bail to permit him to exclude his workstation from the monitoring condition—relying instead on monitoring by his new employer—the defendant should be required to notify his employer of the nature of the charges against him—and to produce the Indictment to his employer—to assure that his access is monitored appropriately.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   */s/ Vlad Vainberg*
        Vladislav Vainberg
        Assistant United States Attorney
        Tel. (212) 637-1029

cc: Matthew Myers, Esq.
    Counsel for Nickolas Sharp (via ECF)